# William D. Hamker

### Attorney and Counselor at Law

1800 S. Washington, Suite 110
Amarillo, Texas 79102

*Board Certified in*
*Personal Injury Trial Law*
*By the Texas Board*
*of Legal Specialization*

Telephone
(806) 371-7878
Telecopier
(806) 379-8666

February 11, 2020

BY CM, RRR 7013 2630 0002 1241 3652

Sandra Hollie
United States Postal Service
Tort Claims Coordinator
P.O. Box 162166
Ft. Worth, Texas 76161-2166

RE:    MY CLIENT:    Creston Bolden
       YOUR INSURED:    Jessica Bush and US Postal Service
       CLAIM NO.:    760-19-00423970A
       DATE OF LOSS:    2-11-19

Dear Ms. Hollie:

Please find enclosed the executed Claim for Damage, Injury, or Death, along with attachments, pertaining to Ms. Creston Bolden's bodily injury claim.

Please note, at the time Ms. Bolden was driving her vehicle she was wearing a seatbelt. The impact was on the front of the vehicle and the rate of speed upon impact was approximately 45 mph. During the collision, Ms. Bolden was struck on the posterior head, the back, the face and the anterior head. The impact force caused Ms. Bolden's cervical, thoracic and lumbar spine to be exposed to high degrees of compression, sheering tension and rotational forces in rapid sequence, which was virtually instantaneous. It is the timing, or the lack of time, for the body to react to the forces that caused the injuries. She subsequently developed pain and continues to suffer pain in her upper back. She has even had to obtain a modified desk and new chair to work. Her longevity at work is suspect, and her hope to be pain free is bleak. She continues to suffer from headaches, loss of sleep, occasional spasms, swelling and pain.

I look forward to working with you in hopefully bringing about an amicable resolution to my client's claim.

Sincerely,

William D. Hamker

WDH/lan

Enclosures

cc:    Creston Bolden

**EXHIBIT "A"**

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| TORT CLAIMS COORDINATOR<br>PO BOX 162166<br>FORT WORTH, TX 76161-2166<br>CLAIM# 760-19-00423970A | CRESTON BOLDEN<br>1106 NW 20TH AVE.<br>AMARILLO, TEXAS 79107<br><br>WILLIAM HAMKER<br>1800 S. WASHINGTON<br>#110, AMARILLO,<br>TX 79102 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) APPX. |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 3-3-95 | SINGLE | MONDAY, FEBRUARY 11, 2019 | 11:53 AM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

IT WAS FEBRUARY 11, 2019, AT APPROXIMATELY 11:53 AM. MS. BOLDEN WAS TRAVELING WEST ON 45TH ST. IN AMARILLO, TEXAS WHEN JESSICA BUSH, WHILE DRIVING FOR THE POSTAL SERVICE, FAILED TO YIELD THE RIGHT-OF-WAY AT THE YIELD SIGN AND STRUCK MS. BOLDEN.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
CHARISS BOLDEN
1106 NW 20TH AVE, AMARILLO, TX 79107

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

PROPERTY DAMAGE WAS SETTLED

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MS. BOLDEN SUSTAINED INJURY TO HER NECK, BACK AND CHEST. SHE ALSO INJURED HER LEFT WRIST, LEFT KNEE AND HAS HAD HEADACHES. HER NOSE WAS ALSO HURT.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| CRESTON BOLDEN | 1106 NW 20TH AVE., AMARILLO, TX 79107 |
| JESSICA BUSH, OTHER DRIVER | 1705 S. JACKSON, AMARILL, TX 79102 |

**12. AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $77,310.00 | N/A | $77,310.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Creston Bolden | 806-420-2887 | 2-10-20 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

**17.** If deductible, state amount.

N/A

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## POWER OF ATTORNEY

I, Creston Bolden, hereby assign my attorney, William D. Hamker, Power of Attorney to negotiate any issues and/or for settlement of my claim arising out of the accident on February 11, 2019 with the US Postal Service.

SIGNED on this the 10th day of FEBRUARY, 2020.

_____
CRESTON BOLDEN

STATE OF TEXAS

COUNTY OF POTTER

SUBSCRIBED AND SWORN TO BEFORE ME on this 10th day of FEBRUARY, 2020, to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

LAURIE NAHRGANG
My Notary ID # 5141287
Expires August 6, 2021

POWER OF ATTORNEY
Page 1 of 1

```
THE STATE OF TEXAS      *
                        *
                        *
COUNTY OF POTTER        *
```

### ATTORNEY RETAINER AGREEMENT

CLIENT(S): __Creston Bolden__

ON BEHALF OF: _____

    1.00    The undersigned, hereafter referred to as "Client", does hereby agree individually and on behalf of the above-referenced individuals, if any, to retain the LAW OFFICE OF WILLIAM D. HAMKER hereafter referred to as "Attorney", as Client's Attorney to represent him/her with respect to all claims against whomever may have productive liability for damages and injuries suffered by the Client resulting from the incident which occurred or was discovered on or about __2-11-19__ in __Amarillo, TX__, hereafter referred to as the "Claim".

    1.01    The Client understands that if wrongful death and/or survival Claims are pursued, there may be one or more other legal beneficiaries of the decedent(s). The most expeditious way to proceed will be for each legal beneficiary to sign this agreement.

    1.02    In the event Attorney represents multiple Clients, each Client acknowledges that potential conflicts of interest may arise among multiple Clients and that these conflicts have been explained. In the same regard, multiple Clients agree to waive confidentially among the Clients in the interest of pursuing a fair and reasonable recovery.

    2.00    Client authorizes the Attorney, its agents and employees, to take all steps in this matter deemed necessary and appropriate to obtain a satisfactory result, including but not limited to, securing a complete investigation, proceeding to trial and/or discontinuing litigation. The Attorney agrees not to settle or compromise the case without the Client's approval. The Client agrees to cease all communications with all third parties regarding the subject matter of this claim without the Attorney's knowledge and consent.

    3.00    Client agrees to pay the Attorney a fee, CONTINGENT ON WHAT IS RECOVERED in this matter by way of settlement, judgment or otherwise, to be computed as follows:

    (1)    20% of any award, compromise, or settlement; and
    (2)    25% of any judgment rendered.

1

IN ADDITION TO THE ABOVE FEES, Client shall pay to the Attorney, OUT OF CLIENT'S SHARE OF THE RECOVERY (there will be no reimbursement unless there is a recovery), all expenses advanced by the Attorney in connection with the Claim at the time of disposition of the case. The Attorney is authorized to incur those expenses he deems reasonable and necessary to accomplish a satisfactory resolution of the Claim and shall advance those expenses as incurred. Said expenses shall include, but not be limited to, travel and lodging, physician and/or expert witness fees, consultant fees, exhibit fees, exhibits, photography, videotape and long distance telephone calls. Long distance telephone calls are billed at a rate of $3.75 each regardless of length; all copies are billed at $.35 each, all other expenses are billed in the exact amounts incurred and will be documented for Client's review at the closing of any recovery on the case.

4.00    In the event that a structured settlement is negotiated, the Client approves and authorizes the Attorney's fee to be based upon the present value benefit of the structured settlement to the lien rather than upon the present market cost of such a settlement. (The present value benefit shall be determined by applying appropriate discount rates that consider the after tax benefits of the negotiated structured settlement to the Client). The Client understands that the present value benefit of a structured settlement to the Client might exceed the present market cost at which the defendant can purchase a structured settlement package. The Attorney retains the sole right to take its fee in cash at the time of settlement or in deferred payments, regardless of the manner in which the Client's recovery is paid.

5.00    The Client authorizes the Attorney to retain a lien on said cause of action, any proceeds, and any judgments recovered in such connection to the extent of any Attorney's fees and expenses.

6.00    The Client understands and agrees that any debts of the Client, including, but not limited to, expenses incurred for medical care, nursing, special aids and transportation, as well as any medical insurance and/or worker's compensation subrogations and/or hospital liens incurred as a result of the incident giving rise to the Claim shall not be borne by or apportioned to the Attorney in any way.

7.00    IF AT THE CONCLUSION OF THE CASE, NOTHING IS RECOVERED ON BEHALF OF THE CLIENT, THE CLIENT SHALL OWE THE ATTORNEY NEITHER A FEE NOR REIMBURSEMENT OF EXPENSES.

8.00    If, in the Attorney's opinion, a fair and reasonable settlement offer is made by a defendant and the CLIENT REJECTS THE ADVICE OF THE ATTORNEY TO SETTLE, the Attorney may WITHDRAW FROM THE CASE, retaining a lien on said cause of action, to the extent of the contracted ATTORNEY'S FEE on the proposed offer of settlement and EXPENSES INCURRED BY THE ATTORNEY TO THAT TIME.

9.00   IT IS UNDERSTOOD AND AGREED THAT THE ATTORNEY RETAINS THE RIGHT TO RELEASE ITSELF FROM THIS CONTRACT AND WITHDRAW FROM THE REPRESENTATION OF THE CLIENT, IF IT APPEARS TO THE ATTORNEY THAT CIRCUMSTANCES HAVE DEVELOPED WHICH WOULD HINDER CONTINUED EFFECTIVE LITIGATION OF THE CASE OR THAT A SUSTAINABLE OR COLLECTIBLE JUDGMENT CANNOT BE OBTAINED. IN THE EVENT OF SUCH A RELEASE, THE ATTORNEY WILL RETAIN A LIEN ON THE CASE ONLY TO THE EXTENT OF THE EXPENSES WHICH HAVE BEEN ADVANCED ON THE CLIENT'S BEHALF. THE CLIENT AGREES TO PROTECT SUCH EXPENSES OUT OF ANY RECOVERY ULTIMATELY OBTAINED IN THIS CASE. IF NO RECOVERY IS SUBSEQUENTLY OBTAINED THE CLIENT WILL NOT OWE THE ATTORNEY A FEE OR EXPENSES.

9.01   In the event that the Attorney determines that expert testimony is necessary and/or appropriate for the development and eventual trial or settlement of Client's lawsuit, and the Attorney cannot, after having used due diligence, obtain said expert testimony, it is within the Attorney's discretion to withdraw from employment on behalf of Client.

9.02   It is expressly understood and agreed that the Attorney additionally may withdraw from its employment on behalf of the Client, if the Client;

(a)   Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument of an extension, modification, or reversal of existing law;

(b)   Insists that the Attorney pursue a course of conduct that is illegal or that is prohibited under the disciplinary rules;

(c)   By other conduct renders it unreasonably difficult for the Attorney to carry out its employment;

(d)   Insists that the Attorney engage in conduct that is contrary to its judgment and advice, even if such conduct is not contrary to the disciplinary rules;

(e)   Deliberately disregards an agreement with the Attorney's as to fees for services rendered and/or expenses.

9.03   The Attorney agrees to withdraw from representation of Client only for good cause and in the event of such withdrawal, the Attorney shall be entitled to all the compensation allowed by law.

10.00   Upon conclusion of Client's case, the Attorney shall provide Client with a written statement showing the amount of the gross recovery, if any, and showing the deductions taken for Attorney's fees and expenses. Client will be given a Firm Trust check for Client's share of recovery at the closing.

11.00   The Client authorizes the Attorney to retain and utilize exhibits, documents and materials developed in this case as teaching and demonstration aids in lectures and professional presentations and publications, subject to provisions being made for the protection of the Client's privacy, unless such materials are not matters of public record.

12.00   The Client agrees that William D. Hamker may associate other attorneys to help him on this matter. The Client acknowledges and agrees that any fee or claim to an associated attorney shall be paid out of the attorneys fees portion of the recovery; and that in no event shall the attorneys fee portion increase by reason of the association of another attorney.

13.00       The Attorney makes no representations or guarantees regarding the tax consequences of any recovery obtained on behalf of the Client.

14.00       This contract is performable in Potter County, Texas and contains all the agreements of the parties to it.

15.00       The Client acknowledges that the Attorney has made NO GUARANTEE regarding the successful resolution of said cause of action, and all expressions relative thereto are matters of Attorney's opinion only and shall not be considered as express or implied warranties of the Claim's outcome.

SIGNED this the _15_ day of _February_, 20_19_.

_____
CLIENT

1106 NW 20= AVE. Ama. TX 79107
ADDRESS

_____
ATTORNEY, WILLIAM D. HAMKER

4

# Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)

Law Enforcement and TxDOT Use ONLY
- [ ] FATAL
- [ ] CMV
- [ ] SCHOOL BUS
- [ ] RAILROAD
- AB
- [x] SUPPLEMENT
- [ ] ACTIVE SCHOOL ZONE

Total Num. Units: 2
Total Num. Prsns: 2
TxDOT Crash ID: 16893653.2 /2019054745

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 2

**Crash Date (MM/DD/YYYY):** 02/11/2019
**Crash Time (24HRMM):** 1153
**Case ID:** 19-025542
**Local Use:**

**County Name:** RANDALL
**City Name:** AMARILLO
[ ] Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? [x] Yes [ ] No
Latitude (decimal degrees): 
Longitude (decimal degrees): 

## ROAD ON WHICH CRASH OCCURRED

**1 Rdwy. Sys.:** LR
**Hwy. Num.:** 
**2 Rdwy. Part:** 1
**Block Num.:** 4100
**3 Street Prefix:** SW
**Street Name:** 45TH
**4 Street Suffix:** AVE

[ ] Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
[ ] Toll Road/Toll Lane
**Speed Limit:** 
**Const. Zone:** [ ] Yes [x] No
**Workers Present:** [ ] Yes [x] No
**Street Desc.:** 

## INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

**At Int:** [ ] Yes [x] No
**1 Rdwy. Sys.:** LR
**Hwy. Num.:** 
**2 Rdwy. Part:** 1
**Block Num.:** 4500
**3 Street Prefix:** S
**Street Name:** WESTERN
**4 Street Suffix:** ST

**Distance from Int. or Ref. Marker:** 300
[x] FT [ ] MI
**3 Dir. from Int. or Ref. Marker:** E
**Reference Marker:** 
**Street Desc.:** 
**RR Num.:**

### Unit 1

**Unit Num.:** 1
**5 Unit Desc.:** 1
[ ] Parked Vehicle
[ ] Hit and Run
**LP State:** UN
**LP Num.:** 
**VIN:** 020627 8
**Veh. Year:** 
**6 Veh. Color:** WHI
**Veh. Make:** OTHER (EXPLAIN IN NARRATIVE)
**Veh. Model:** OTHER (EXPLAIN IN NARRATIVE)
**7 Body Style:** 98
[ ] Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

**8 DL/ID Type:** 1
**DL/ID State:** TX
**DL/ID Num.:** 21846852
**9 DL Class:** C
**10 CDL End.:** 96
**11 DL Rest.:** 96
**DOB (MM/DD/YYYY):** 05/30/1985

**Address (Street, City, State, ZIP):** 1705 S JACKSON ST AMARILLO, TX 79102

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BUSH, JESSICA RAYE | N | 33 | W | 2 | 1 | 1 | 97 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

[x] Owner [ ] Lessee
**Owner/Lessee Name & Address:** UNITED STATES POSTAL SERVICE, 5000 S WESTERN ST AMARILLO, TX 79110

**Proof of Fin. Resp.:** [ ] Yes [ ] No
[ ] Expired [x] Exempt
**26 Fin. Resp. Type:**
**Fin. Resp. Name:**
**Fin. Resp. Num.:**

**Fin. Resp. Phone Num.:**
**27 Vehicle Damage Rating 1:** 8-LP-2
**27 Vehicle Damage Rating 2:**
**Vehicle Inventoried:** [x] Yes [ ] No

**Towed By:** PRIVATE TOW
**Towed To:** 5000 S. WESTERN

### Unit 2

**Unit Num.:** 2
**5 Unit Desc.:** 1
[ ] Parked Vehicle
[ ] Hit and Run
**LP State:** TX
**LP Num.:** LSW4899
**VIN:** 19XFC1F39GE026574
**Veh. Year:** 2016
**6 Veh. Color:** BLU
**Veh. Make:** HONDA
**Veh. Model:** CIVIC
**7 Body Style:** P4
[ ] Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

**8 DL/ID Type:** 1
**DL/ID State:** TX
**DL/ID Num.:** 37588803
**9 DL Class:** C
**10 CDL End.:** 96
**11 DL Rest.:** 96
**DOB (MM/DD/YYYY):** 03/03/1995

**Address (Street, City, State, ZIP):** 1106 NW 20th AVE AMARILLO, TX 79107

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BOLDEN, CRESTON VERNA | N | 23 | B | 2 | 1 | 1 | 2 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

[x] Owner [ ] Lessee
**Owner/Lessee Name & Address:** BOLDEN, CHARISS JANEE, 1106 NW 20th AVE AMARILLO, TX 79107

**Proof of Fin. Resp.:** [ ] Yes [x] No
[ ] Expired [ ] Exempt
**26 Fin. Resp. Type:**
**Fin. Resp. Name:**
**Fin. Resp. Num.:**

**Fin. Resp. Phone Num.:**
**27 Vehicle Damage Rating 1:** 1-FR-3
**27 Vehicle Damage Rating 2:**
**Vehicle Inventoried:** [x] Yes [ ] No

**Towed By:** Competition Towing
**Towed To:** 8409 I40 E, Ama, TX 79118  373-5858

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Case ID 19-0: [?]
TxDOT Crash ID 16893653.2/? )54745
Page 2 of :

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | Failed To Yield At Yield Intersection | 12021626 |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | 10,001+ LBS. | TRANSPORTING HAZARDOUS MATERIAL | 9+ CAPACITY | CMV Disabling Damage? | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|
| Carrier's Corp. Name | | | Carrier's Primary Addr. | | | | | 30 Veh. Type |
| 31 Bus Type | RGVW / GVWR | | HazMat Released Yes/No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
| Unit Num. | RGVW / GVWR | | 34 Trlr. Type | CMV Disabling Damage? Yes/No | Unit Num. | RGVW / GVWR | 34 Trlr. Type | CMV Disabling Damage? Yes/No |
| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit Yes/No | Actual Gross Weight | | Total Num. Axles |

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 39 | | | | | 2 | 1 | 98 | 1 | 1 | 1 | 9 |

## NARRATIVE AND DIAGRAM

**Investigator's Narrative Opinion of What Happened**
(Attach Additional Sheets If Necessary)

UNIT 1 IS A USPS MAIL CARRIER VEHICLE. IT WAS IN THE 4100 BLOCK OF SW 45TH ON THE NORTH SIDE OF THE ROAD. IT WAS DRIVING WB ON AN ACCESS ROAD STYLE STREET, WITH A YIELD SIGN TO YIELD TO WB TRAFFIC. UNIT 2 WAS WB IN THE INSIDE LANE OF THE SAME BLOCK NUMBER. UNIT 1 FTYROW-YIELD SIGN CAUSING THE FR OF UNIT 2 TO STRIKE THE LP OF UNIT 1.

Field Diagram - Not to Scale

UNIT 1 / UNIT 2
4100 SW 45TH
4500 S WESTERN
Not To Scale

## INVESTIGATOR

| Time Notified (24HR:MM) | 1 1 5 4 | How Notified Dispatched | Time Arrived (24HRMM) 1 2 0 7 | Report Date (MM/DD/YYYY) 02/19/2019 |
|---|---|---|---|---|
| Invest Comp. | ☒ Yes ☐ No | Investigator Name (Printed) JONES, STEVEN C | | ID Num. 1443 |
| ORI Num. | T X 1 8 8 0 1 0 0 | *Agency AMARILLO POLICE DEPARTMENT | | Service/Region/DA 5 4 |

















